The opinion of the Court was delivered by

Mr. Justice Gantt.

By the act of 1769, (Pub. Law's, 270,) the common law courts are invested with authority to try and determiné, without -a jury, in a summary way, on petition, all causes cognizable in the said courts, for any sum not exceeding £20 sterling, except where the title of lauds may come in question, in which suit, the plaintiff and defendant shall have the benefit of all matters, in the same manner, as if the suit were commenced in the ordinary* forms of common law or equity, and by the 36th rule of the court of common pleas, if the plaintiff shall, in a case of summary process, desire to have the benefit of the defendant’s oath he shall state in writing the points to which he shall require his Oath, and serve him with a copy thereof, with notice of such his intention, and defendant may either give his answer in writing, or ore tenus in open court.
The defendant in this case, having been duly notified of the plaintiff’s intention, under the rule, to avail himself of his oath,- and having failed either to answer the interrogatories propounded in writing, or ore tenus, in open court, judgment was given against him, pro confesso, for the. amount of the note and account. Could either have been established by the rules of the common law, then recourse to the defendant would have been unnecessary, and it is conceived that the rights of the defendant can never be compromited,, when it rests with himself to say whether he owes the amount sued for or not. His refusal therefore to answer, in a case so simple, and involving not the slightest complication, could leave no other impression but that the sever-: al accounts were justly owing by him to the' plaintiff, and that his neglect to answer wms to be construed into a tacit and satisfactory acknowledgment of the same. Had the demand been for damages, arising from a trespass committed, or in any other •manner necessarily requiring evidence to satisfy the mind of the court as to the extent of injury sustained; in such case, the plain-ififf must have enforced his requisition on the defendant by a® *189 attachment for the contempt. In this case, no such necessity existed and a final decree was properly awarded against; him. The motion is, therefore refused.
Patterson, for the motion.
Gantt Trotti, contra.
Bay, Nott, Colcock 8f Johnson, Justices, concurred.